IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JAN 1 7 2019

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 5:19-CR- *03* BY DEPUTY_____ |
| v. | § | *Rws/Cmc* |
| | § | |
| ████████████████ | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| MICHELLE COPPOLA (03) | § | |

### INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### General Allegations

At all times relevant to this indictment:

1.  ████████ resided in or around Lagos, Nigeria, New Orleans, Louisiana (within the Eastern District of Louisiana), Dallas, Texas (within the Northern District of Texas), and Houston, Texas (within the Southern District of Texas).

2. ████████ resided in or around Texarkana, Texas (within the Eastern District of Texas).

3. **Michelle Coppola (Coppola)** resided in or around Roanoke, Virginia (within the Western District of Virginia).

Indictment – Page 1

4.    Bank of America was a "financial institution," as defined by Title 18, United States Code, Section 1956.  It was based in Charlotte, North Carolina, within the Western District of North Carolina.

5.    Capital One, NA was a "financial institution," as defined by Title 18, United States Code, Section 1956.  It was based in McLean, Virginia, within the Eastern District of Virginia.

6.    Capital One 360 was a "financial institution," as defined by Title 18, United States Code, Section 1956.  It was based in McLean, Virginia, within the Eastern District of Virginia.

7.    Domino Federal Credit Union was a "financial institution," as defined by Title 18, United States Code, Section 1956.  It was based in Texarkana, Texas, within the Eastern District of Texas.

8.    First National Bank, now Arvest Bank, was a "financial institution," as defined by Title 18, United States Code, Section 1956.  It was based in Paragould, Arkansas, within the Eastern District of Arkansas.

9.    Red River Employees Federal Credit Union was a "financial institution," as defined by Title 18, United States Code, Section 1956.  It was based in Texarkana, Texas, within the Eastern District of Texas.

10.    Regions Bank was a "financial institution," as defined by Title 18, United States Code, Section 1956.  It was based in Birmingham, Alabama, within the Northern District of Alabama.

11.     Woodforest National Bank was a "financial institution," as defined by Title 18, United States Code, Section 1956. It was based in The Woodlands, Texas, within the Southern District of Texas.

12.     Zions First National Bank was a "financial institution," as defined by Title 18, United States Code, Section 1956. It was based in Salt Lake City, Utah, within the District of Utah.

## COUNT 1

Violation:  18 U.S.C. § 371
(Conspiracy)

1.     The General Allegations section of this Indictment is realleged and incorporated by reference as though fully set forth herein.

2      From in or about August 2012, and continuing through in or about May 2014, the exact dates being unknown to the Grand Jury, in the Eastern District of Texas, and elsewhere, the defendants,

and **Michelle Coppola**, along with others, both known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, and agree to commit the offense of theft of public money, in violation of 18 U.S.C. § 641.

## Object of the Conspiracy

2.     It was the purpose and object of the conspiracy for the defendants and their co-conspirators to unlawfully and unjustly enrich themselves by obtaining federal income tax refunds from the Internal Revenue Service to which they were not entitled.

## Manner and Means of the Conspiracy

The manner and means by which the defendants and their co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

4.      The defendants and their co-conspirators devised and carried out a scheme to steal money from the IRS through the filing of false federal individual income tax returns.

5.      The defendants and their co-conspirators received stolen money from the IRS and concealed the receipt of such stolen money.

6.      ████████ and other co-conspirators obtained the means of identification of other persons, including their names and Social Security numbers.

7.      ████████ and other co-conspirators used the means of identification of other persons to create and prepare fraudulent income tax returns and false Form W-2 and Form W-2G statements, which contained fictitious wage, withholding, and winnings amounts, as well as other false information.  Further, ████████ and other co-conspirators filed and caused to be filed with the IRS false federal individual income tax returns, which claimed tax refunds were owed.

8.      ████████ and other co-conspirators communicated by email and instant messaging with individuals within the United States in order to secure their assistance in transferring stolen money.

9.      ████████ **Coppola**, and other co-conspirators both known and unknown to the Grand Jury, opened and maintained accounts at various financial institutions for the receipt and deposit of stolen tax refunds.

10.     For tax years 2011, 2012, and 2013, the defendants, ████████████

**Coppola**, and their co-conspirators stole money from the IRS and received stolen money from the IRS associated with approximately 153 false federal individual income tax returns, which claimed approximately $1,117,697.00 in tax refunds were owed.

11.     ████████████████ **Coppola**, and their co-conspirators used the stolen tax refunds for their personal benefit, as well as that of others.

### Overt Acts

12.     In furtherance of the conspiracy thereof and to effect the objects thereof, the following overt acts, among others, were committed, or caused to be committed, in the Eastern District of Texas, and elsewhere, specifically on or about the dates specified below in the refund deposit date column, ████████████ **Coppola**, and their co-conspirators knowingly stole and converted to their own use and the use of others, and knowingly received, concealed, and retained for their own use and the use of others, money belonging to the IRS knowing the same to have been stolen and converted as detailed in the following table:

| Overt Act | Taxpayers' Names | On or About Filing Date[1] | Refund Per Return[2] |
|---|---|---|---|
| a. | J.L. & M.W. | 10/3/2012 | 7,696.00 |
| b. | J.R & J.R. | 10/4/2012 | 6,496.00 |
| c. | J.W. & R.W. | 10/14/2012 | 8,569.00 |
| d. | D.B. & G.R. | 11/6/2012 | 7,775.00 |
| e. | S.Z. & R.O | 11/8/2012 | 8,679.00 |
| f. | M.W. & W.B. | 11/9/2012 | 8,738.00 |
| g. | F.N. & G.S. | 11/21/2012 | 8,762.00 |

---

[1] The Filing Date is the date the fraudulent tax return was filed with the IRS.

[2] The Refund Amount Per Return is the total refund claimed in United States Dollars (USD) on the fraudulent tax return.

| Overt Act | Taxpayers' Names | On or About Filing Date[1] | Refund Per Return[2] |
|---|---|---|---|
| h. | R.C. & K.C. | 2/6/2013 | 6,287.00 |
| i. | M.A. | 2/14/2013 | 2,106.00 |
| j. | R.P. & D.S. | 2/17/2013 | 6,602.00 |
| k. | B.Y. & S.H. | 2/21/2013 | 7,583.00 |
| l. | R.O. & S.Z. | 2/27/2013 | 7,702.00 |
| m. | P.C. & H.A. | 3/1/2013 | 7,857.00 |
| n. | J.O. & J.P. | 3/1/2013 | 7,947.00 |
| o. | N.C. & T.G. | 3/2/2013 | 8,249.00 |
| p. | S.H. & M.G. | 3/3/2013 | 8,226.00 |
| q. | P.M. & M.M. | 4/1/2013 | 8,842.00 |
| r. | J.G. & D.G. | 4/2/2013 | 9,445.00 |
| s. | D.J. | 4/5/2013 | 4,033.00 |
| t. | D.B. & A.B. | 5/14/2013 | 7,416.00 |
| u. | A.W. & N.D. | 5/21/2013 | 4,446.00 |
| v. | R.M. & M.M. | 5/23/2013 | 8,720.00 |
| w. | R.T. & R.T. | 5/28/2013 | 8,359.00 |
| x. | T.L. & J.E. | 6/6/2013 | 8,298.00 |
| y. | J.B. & T.E.. | 6/9/2013 | 6,830.00 |
| z. | R.W. & J.P. | 6/10/2013 | 6,905.00 |
| aa. | A.P. & S.R. | 6/18/2013 | N/A |
| bb. | J.H. & J.M. | 6/21/2013 | 8,420.00 |
| cc. | J.H. & L.H. | 7/2/2013 | 8,438.00 |
| dd. | F.S. & L.J. | 7/9/2013 | 8,386.00 |
| ee. | E.G. & J.G. | 7/9/2013 | 7,374.00 |
| ff. | A.G. | 7/11/2013 | 2,807.00 |
| gg. | C.B. & A.G. | 7/16/2013 | 7,451.00 |
| hh. | J.J. & J.J. | 7/22/2013 | 8,031.00 |
| ii. | J.S. & L.S. | 8/21/2013 | 4257.00 |
| jj. | M.O. & M.O. | 8/23/2013 | 4594.00 |
| kk. | R.A. | 9/4/2013 | 3740.00 |
| ll. | R.L. & L.L. | 10/8/2013 | 4501.00 |
| mm. | M.P. & J.P. | 1/31/2014 | 3717.00 |
| nn. | V.L. & S.L. | 1/31/2014 | 4156.00 |
| oo. | R.M. & J.M. | 2/1/2014 | 4543.00 |
| pp. | T.T. & M.T. | 2/1/2014 | 6582.00 |
| qq. | J.R. | 2/2/2014 | 4235.00 |
| rr. | A.T. & J.T. | 2/2/2014 | 6617.00 |

| Overt Act | Taxpayers' Names | On or About Filing Date[1] | Refund Per Return[2] |
|---|---|---|---|
| ss. | A.B. & P.B. | 2/7/2014 | 5751.00 |
| tt. | T.B. & P.B. | 2/10/2014 | 6838.00 |
| uu. | F.E. & J.E. | 2/12/2014 | 6007.00 |
| vv. | K.F. & S.M. | 2/13/2014 | 5542.00 |
| ww. | A.P & A.P. | 2/15/2014 | 5811.00 |
| xx. | A.S. & M.S. | 2/16/2014 | 6842.00 |
| yy. | T.E. & M.E. | 2/16/2014 | 6689.00 |
| zz. | E.T. & A.T. | 2/16/2014 | 6837.00 |
| aaa. | B.C. & C.C. | 2/16/2014 | 7244.00 |
| bbb. | E.E. & S.E. | 2/16/2014 | 6637.00 |

13.     On or about the dates identified in the following table, ████ opened the

respective bank accounts:

| Date Opened | Financial Institution | Account No. |
|---|---|---|
| 4/3/2008 | Zions First National Bank | xxxx987 |
| 6/6/2012 | Red River Employees Federal Credit Union | xxxx00-2 |
| 6/12/2013 | Domino Federal Credit Union | xxxx50-1 |
| 6/12/2013 | Domino Federal Credit Union | xxxx00-1 |
| 6/14/2013 | Zions First National Bank | xxxx457 |
| 6/14/2013 | Capital One, N.A. | xxxx893 |
| 3/14/2014 | Capital One, N.A. | xxxx248 |
| 3/16/2014 | Capital One, N.A. | xxxx402 |
| 7/13/2014 | Capital One, N.A. | xxxx893 |

14.     On or about April 15, 2013, F.W., a party known to the Grand Jury, told

████ that the following tax refund was scheduled to be deposited into ████

bank account on April 18, 2013. Later the same day, ████ advised ████ to

expect the payment to ████ account. On or about April 18, 2013, ████ bank

accounts received the following tax refund payment:

| Overt Act | Taxpayers' Names | Amount in USD | Financial Institution Account |
|-----------|------------------|---------------|-------------------------------|
| ccc. | J.G. & D.G. | 9,445.00 | Zions First National Bank xxxx987 |

15.     On or about February 7, 2014, P.K., a party known to the Grand Jury, told ▮▮▮▮▮ that the following tax refunds were scheduled to be deposited into ▮▮▮▮▮ bank accounts on February 10, 2014.  Later the same day, ▮▮▮▮▮ advised ▮▮▮▮ to expect the payments to ▮▮▮▮ accounts.  On or about February 10, 2014, ▮▮▮▮▮ bank accounts received the following tax refund payments:

| Overt Act | Taxpayers' Names | Amount in USD | Financial Institution Account |
|-----------|------------------|---------------|-------------------------------|
| ddd. | A.T. & J.T. | 3,000.00 | Woodforest National Bank xxxx458 |
| eee. | A.T. & J.T. | 3,617.00 | Capital One, N.A. xxxx893 |

16.     On or about February 22, 2014, P.K., a party known to the Grand Jury, told ▮▮▮▮▮ that the following tax refunds, among others, were scheduled to be deposited into ▮▮▮▮ bank account on February 26, 2014.  On or about February 23, 2014, ▮▮▮▮▮ advised ▮▮▮ to expect the payments to ▮▮▮▮ account.  On or about February 26, 2014, ▮▮▮▮ bank account received the following tax refund payments:

| Overt Act | Taxpayers' Names | Amount in USD | Financial Institution Account |
|-----------|------------------|---------------|-------------------------------|
| fff. | B.C. & C.C. | 3,500.00 | First National Bank xxxx473 |
| ggg. | A.S. & M.S. | 18,540.00 | First National Bank xxxx473 |

17.     On or about March 26, 2014, P.K., a party known to the Grand Jury, told ▮▮▮▮▮ that the following tax refunds, among others, were scheduled to be deposited into ▮▮▮▮ bank accounts on March 28, 2014.  Later the same day, ▮▮▮▮▮▮

advised ▮▮▮ to expect the payments to ▮▮▮ accounts. On or about March 28,

2014, ▮▮▮ bank accounts received the following tax refund payments:

| Overt Act | Taxpayers' Names | Amount in USD | Financial Institution Account |
|---|---|---|---|
| hhh. | A.S. & B.S. | 4,400,00 | Capital One, N.A. xxxx248 |
| iii. | A.S. & B.S. | 4,320.00 | Capital One, N.A. xxxx402 |
| jjj. | P.C. & R.C. | 4,000.00 | Capital One, N.A. xxxx248 |
| kkk. | P.C. & R.C. | 4,063.00 | Capital One, N.A. xxxx402 |
| lll. | P.S. & B.S. | 4,000.00 | Capital One, N.A. xxxx248 |
| mmm. | P.S. & B.S. | 4,533.00 | Capital One, N.A. xxxx402 |

18.     From on or about February 7, 2014, through on or about February 10, 2014,

▮▮▮ instructed ▮▮▮ o transfer proceeds of tax refunds from ▮▮▮ bank

accounts to Bank of America account xxxxxx1601. On or about February 10, 2014,

▮▮▮ engaged in the following monetary transactions:

| Overt Act | Monetary Transaction | Amount in USD |
|---|---|---|
| nnn. | Wire Transfer from Woodforest National Bank Account No. xxxxxx458 ▮▮▮ to Bank of America Account No. xxxxxx1601 (O.A.) | 5,000.00 |
| ooo. | Wire Transfer from First National Bank Account No. xxxxxx473 ▮▮▮ to Bank of America Account No. xxxxxx1601 (O.A.) | 2,680.00 |

19.     On May 20, 2014, ▮▮▮ concealed the source of $65,500.00 in U.S.

currency located within ▮▮▮ residence by claiming the currency came from

disability settlements, when in fact, ▮▮▮ had obtained the currency from income tax

refunds deposited into his bank accounts.

20.     **Coppola** opened the following bank accounts and provided the bank account information to ████████ At times, she used various accounts to receive and transfer tax refunds.

| Date Opened | Financial Institution | Account No. | Date Provided to Okunoghae |
|---|---|---|---|
| 5/24/2012 | Pacific Western Bank / Kaiku Finance (formerly First California Bank) | xxxx603 | 11/5/2012 |
| 6/28/2012 | Citibank, N.A. | xxxx983 | 9/9/2012 |
| 6/28/2012 | Citibank, N.A. | xxxx910 | 9/9/2012 |
| 10/31/2012 | Capital One, N.A. | xxxx259 | 11/5/2012 |
| 11/19/2012 | CIT Bank | xxxx672 | 11/21/2012 |
| 12/24/2012 | Huntington National Bank | xxxx982 | 1/23/2013 |
| 12/24/2012 | Huntington National Bank | xxxx288 | 1/23/2013 |
| 1/6/2014 | Bancorp Bank / InComm Financial | xxxx952 | 3/12/2014 |
| Unknown | U.S. Bank | xxxx708 | 2/3/2013 |
| Unknown | TD Bank | xxxx059 | 3/26/2013 |
| Unknown | Sallie Mae | xxxx748 | 4/30/2013 |
| Unknown | Sutton Bank | xxxx804 | 7/23/2013 |
| Unknown | TD Bank | xxxx536 | 8/22/2013 |
| Unknown | TD Bank | xxxx907 | 8/22/2013 |

21.     On or about October 14, 2012, ████████ advised **Coppola** to expect a deposit of $8,489.10 into **Coppola's** bank account. On or about October 31, 2012, **Coppola's** savings account xxxx910 at Citibank, N.A. received a deposit of $8,489.10 from a tax refund. The same day, **Coppola** transferred $7,000.00 of the funds to her checking account xxxx983 at Citibank, N.A., and the funds were subsequently spent from the checking account.

22.     On or about March 7, 2013, **Coppola's** savings account xxxx982 at Huntington National Bank received $7,522.02 from a tax refund. The same day,

**Coppola** transferred the funds to her checking account xxxx288 at Huntington National Bank, and the funds were subsequently spent from the checking account.

All in violation of 18 U.S.C. § 371.

### COUNTS 2-8

<u>Violation</u>:  18 U.S.C. §§ 641 and 2 (Theft of Government Money)

1.    The General Allegations section of this indictment is realleged and incorporated by reference as though fully set forth herein.

2.    On or about the dates specified as to each count below, in the Eastern District of Texas, the defendants, ███████████████████████████████████ ██████████████████████████████, aided and abetted by others, both known and unknown to the Grand Jury, did knowingly steal and convert to their own use and the use of others, and knowingly receive, conceal, and retain for their own use and the use of others knowing the same to have been stolen and converted, money belonging to the United States Department of the Treasury, Internal Revenue Service, a department or agency of the United States, namely income tax refunds having a value of more than $1,000:

| Count | Paid Date | Taxpayers' Names | Actual Deposit | Actual Loss |
|:-----:|:---------:|:----------------:|:--------------:|:-----------:|
| 2 | 2/10/2014 | A.T. & J.T. | $6,617 | $6,617 |
| 3 | 2/26/2014 | A.P. & A.P. | $5,811 | $5,811 |
| 4 | 2/26/2014 | A.S. & M.S. | $18,540 | $22,382 |
| 5 | 2/26/2014 | B.C. & C.A.C. | $3,500 | $7,244 |
| 6 | 3/28/2014 | A.S. & B.S. | $8,832 | $8,832 |
| 7 | 3/28/2014 | P.C. & R.C. | $8,063 | $8,063 |
| 8 | 3/28/2014 | P.S. & B.S. | $8,533 | $8,533 |

All in violation of 18 U.S.C. §§ 641 and 2.

## COUNTS 9-15

Violation: 18 U.S.C. §§ 1028A
and 2
(Aggravated Identity Theft)

1.    The General Allegations section of this indictment and Paragraph 2 of Counts

2-8 are realleged and incorporated by reference as though fully set forth herein.

2.    On or about the dates specified as to each count below, in the Eastern District

of Texas, and elsewhere, the defendants,

aided and abetted by others,

both known and unknown to the Grand Jury, did, without lawful authority, knowingly

transfer, possess, and use, means of identification of other persons, that is, individuals'

names, Social Security numbers, and dates of birth, during in and relation to a felony

enumerated in 18 U.S.C. § 1028A(c), that is, theft of government money, a violation of 18

U.S.C. § 641, as alleged in Counts 2-8:

| Count | Date of Offense | Taxpayers' Names |
|-------|-----------------|------------------|
| 9     | 2/10/2014       | A.T. & J.T.      |
| 10    | 2/26/2014       | A.P. & A.P.      |
| 11    | 2/26/2014       | A.S. & M.S.      |
| 12    | 2/26/2014       | B.C. & C.A.C.    |
| 13    | 3/28/2014       | A.S. & B.S.      |
| 14    | 3/28/2014       | P.C. & R.C.      |
| 15    | 3/28/2014       | P.S. & B.S.      |

All in violation of 18 U.S.C. §§ 1028A and 2.

## COUNT 16

Violation:  18 U.S.C.
§§ 1956(a)(1)(B)(ii) and 2
(Money Laundering)

1.      The General Allegations section of this indictment is realleged and incorporated by reference as though fully set forth herein.

2.      On or about February 27, 2014 and continuing through on or about February 28, 2014, in the Eastern District of Texas, the defendants, ███████████████████ ███████████████████████████████████████████ did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, that is, a cash withdrawal of $7,000 from First National Bank account no. xxxxxx4125 ██████████ and a cash deposit of $6,100 into Regions Bank account no. xxxxxx7827 (Chuntran Enterprise) on February 27, 2014, followed by a cash withdrawal of $7,000 from First National Bank account no. xxxxxx4125 ████████ and a cash deposit of $6,100 into Regions Bank account no. xxxxxx7827 (Chuntran Enterprise) on February 28, 2014, which involved the proceeds of a specified unlawful activity, that is, theft of government money, a violation of 18 U.S.C. § 641, knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under State and Federal law and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of 18 U.S.C. §§ 1956(a)(1)(B)(ii) and 2.

## COUNTS 17-18

Violation: 18 U.S.C. §§ 1957 and
2 (Money Laundering)

1.     The General Allegations section of this indictment is realleged and incorporated by reference as though fully set forth herein.

2.     On or about the dates set forth below, in the Eastern District of Texas, and elsewhere, the defendants, ██████████████████████████████████████████

██████████████████████████████████     did knowingly engage and attempt to engage in the following monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is the transfer of funds, such property having been derived from a specified unlawful activity, that is, theft of government money, a violation of 18 U.S.C. § 641:

| Count | Date | Monetary Transaction | Amount |
|-------|------|---------------------|--------|
| 17 | 2/21/2014 | Wire Transfer from First National Bank Account No. xxxxxx4125 ████████ to Bank of America Account No. xxxxxx1601 (O.A.) | $15,600 |
| 18 | 3/3/2014 | Wire Transfer from First National Bank Account No. xxxxxx4125 ████████ to Regions Bank Account No. xxxxxx7827 (Chuntran Enterprise) | $17,000 |

All in violation of 18 U.S.C. §§ 1957 and 2.

## COUNT 19

Violation: 18 U.S.C. § 1956(h)
(Conspiracy to Commit Money
Laundering)

1.      The General Allegations section of this indictment is realleged and incorporated by reference as though fully set forth herein.

2.      From in or about August 2012, and continuing through in or about May 2014, the exact dates being unknown to the Grand Jury, in the Eastern District of Texas, and elsewhere, the defendants,

along with others, both known and unknown to

the Grand Jury, did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of 18 U.S.C. §§ 1956 and 1957, that is:

>      a.      to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, theft of government money, a violation of 18 U.S.C. § 641, knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under State and Federal law, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(ii);

b.     to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, theft of government money, a violation of 18 U.S.C. § 641, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and

c.     to knowingly engage and attempt to engage, in monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, and such property having been derived from a specified unlawful activity, that is, theft of government money, a violation of 18 U.S.C. § 641, in violation of 18 U.S.C. § 1957.

All in violation of 18 U.S.C. § 1956(h).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
Pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(1), and 28 U.S.C. § 2461(c)

1.      The allegation contained in Counts 1-19 are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant has an interest.

2.      Upon conviction of any violation of 18 U.S.C. § 371, the defendants,

and **Michelle Coppola**, shall forfeit to the United States any property, real or personal, that constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity," or a conspiracy to commit such offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

3.      Upon conviction of any violation of 18 U.S.C. § 641, the defendants,

shall forfeit to the United States any property, real or personal, that constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity," or a conspiracy to commit such offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

4.      Upon conviction of any violation of 18 U.S.C. §§ 1956 or 1957, the defendants,

shall forfeit to the United States any property, real or personal,

involved in such offense, or any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1).

5. The property which is subject to forfeiture, includes but is not limited to the following:

Cash Proceeds

A sum of money equal to $1,117,697.00 in United States currency, and all interest and proceeds traceable thereto, representing the proceeds of the offense.

6. Pursuant to 21 U.S.C. § 853(p), as incorporated by reference by 18 U.S.C. § 982(b), if any of the forfeitable property, or any portion thereof, as a result of any act or omission of the defendants:

a. Cannot be located upon the exercise of due diligence;

b. Has been transferred, or sold to, or deposited with a third party;

c. Has been placed beyond the jurisdiction of the Court;

d. Has been substantially diminished in value; or

e. Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek the forfeiture of other property of the defendants up to the value of the above-described forfeitable properties, including, but not limited to, any identifiable property in the name of ███████████████████████████ ███████████████████████████████████ and **Michelle Coppola**.

7. By virtue of the commission of the offenses alleged in this indictment, any and all interest the defendants have in the above-described property is vested in the United

Indictment – Page 18

States and hereby forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(1), and 28 U.S.C. § 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(1), and 28 U.S.C. § 2461(c) and the procedures set forth at 21 U.S.C. § 853, as made applicable through 18 U.S.C. § 982(b)(1).

A TRUE BILL

_____
GRAND JURY FOREPERSON

_____
Date

JOSEPH D. BROWN
UNITED STATES ATTORNEY

NATHANIEL C. KUMMERFELD
ASSISTANT UNITED STATES ATTORNEY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA    §
                            §
v.                          §    NO. 5:19-CR-
                            §
        §
                            §
                            §
                            §
                            §
                            §
                            §
MICHELLE COPPOLA (03)       §

## NOTICE OF PENALTY

### COUNT 1

VIOLATION:          Title 18, United States Code § 371
                    Conspiracy

PENALTY:            Imprisonment of not more than five (5) years; the greater of a
                    fine not to exceed $250,000, a fine not to exceed two times
                    the gross gain to the Defendant, or a fine not to exceed two
                    times the loss to the victim, or both such imprisonment and
                    fine; and a term of supervised release of not more than three
                    (3) years.

SPECIAL ASSESSMENT: $100.00

### COUNTS 2-8

VIOLATION:          Title 18, United States Code §§ 641 and 2
                    Theft of Government Money

PENALTY:            Imprisonment of not more than ten (10) years; the greater of a
                    fine not to exceed $250,000, a fine not to exceed two times
                    the gross gain to the Defendant, or a fine not to exceed two
                    times the loss to the victim, or both such imprisonment and
                    fine; and a term of supervised release of not more than three
                    (3) years.

SPECIAL ASSESSMENT: $100.00 each count

## **COUNTS 9-15**

VIOLATION:             Title 18, United States Code §§ 1028A and 2
                       Aggravated Identity Theft

PENALTY:               Imprisonment of two (2) years and a fine of $250,000 to be
                       followed by not more than one (1) year supervised release.
                       This sentence is to run consecutively to any other sentence
                       imposed.  A person convicted of a violation of this section
                       shall not be placed on probation.

SPECIAL ASSESSMENT: $100.00 each count

## **COUNT 16**

VIOLATION:             Title 18, United States Code §§ 1956(a)(1)(B)(ii) and 2
                       Money Laundering

PENALTY:               Imprisonment of not more than twenty (20) years; the greater
                       of a fine not to exceed $500,000 or twice the value of the
                       monetary instrument or funds involved in the transportation,
                       transmission, or transfer, whichever is greater, or both such
                       imprisonment and fine; and a term of supervised release of
                       not more than three (3) years.

SPECIAL ASSESSMENT: $100.00

## **COUNTS 17-18**

VIOLATION:             Title 18, United States Code §§ 1957 and 2
                       Money Laundering

PENALTY:               Imprisonment of not more than ten (10) years; the greater of a
                       fine not to exceed $250,000or not more than twice the amount
                       of the criminally derived property involved in the transaction,
                       or both such imprisonment and fine; and a term of supervised
                       release of not more than three (3) years.

SPECIAL ASSESSMENT: $100.00 each count

## COUNT 19

VIOLATION:                  Title 18, United States Code § 1956(h)
                            Conspiracy to Commit Money Laundering

PENALTY:                    Imprisonment of not more than twenty (20) years; the greater
                            of a fine not to exceed $500,000 or twice the value of the
                            monetary instrument or funds involved in the transportation,
                            transmission, or transfer, whichever is greater, or both such
                            imprisonment and fine; and a term of supervised release of
                            not more than three (3) years.

SPECIAL ASSESSMENT: $100.00